IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIAWAN BRITTON, | ) |
| | ) |
| Plaintiff, | ) |
| | )  CIVIL ACTION |
| vs. | ) |
| | )  FILE No. _____ |
| HT RETAIL, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, TIAWAN BRITTON, by and through the undersigned counsel, and files this, his Complaint against Defendant HT RETAIL, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

1

of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff TIAWAN BRITTON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

6. Plaintiff is unable to walk and uses a wheelchair for mobility purposes.

7. Defendant HT RETAIL, LLC (hereinafter "Defendant") is a Georgia limited liability company, and transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Charles E. Taylor, Esq., 3355 Lenox Road, N.E., Suite 425, Atlanta, Georgia, 30319-1352.

## FACTUAL ALLEGATIONS

9. On or about November 8, 2019, Plaintiff was a customer at "Little Caesar's," a business located at 841 Oak Street, S.W., Atlanta, Georgia 30310.

10. Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The two separate, contiguous structures and improvements situated upon said real property shall be referenced herein as the "East Facility" and "West Facility" (together, the "Facilities"), and said parcel of real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately eleven (11) miles from the Facility and Property.

12. Plaintiff's access to the businesses located at 841 Oak Street, S.W., Atlanta, Georgia 30310, Fulton County Property Appraiser's parcel number 14 0108 LL0185, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13. Plaintiff has visited the East Facility and Property at least once before

and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

14. Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

15. Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the West Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. Each Facility is a public accommodation and service establishment.

20. The Property is a public accommodation and service establishment.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. Each Facility must be, but each are not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions

and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Plaintiff intends to visit the Facilities and Property again in the very near future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as

required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.  Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

30.  A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

    a.    The Property lacks an accessible route from the public sidewalk to the accessible entrances of the Facilities, in violation of section 206.2.1 of the 2010 ADAAG standards.

    b.    One of the (2) accessible parking spaces on the Property most proximate to the center of the East Facility does not have proper disabled-accessible signage, in violation of section 502.6 of the 2010 ADAAG standards.

    c.    The two (2) accessible parking spaces on the Property most

proximate to the center of the East Facility do not have access aisles adjacent to either of them, in violation of section 502.3 of the 2010 ADAAG standards.

d. The above-described two (2) accessible parking spaces on the Property most proximate to the center of the East Facility do not adjoin an accessible route, and require significant travel within the vehicular way to achieve access to the East Facility, in violation of sections 208.3 and 502.3 of the 2010 ADAAG.

e. The accessible parking space on the Property located at the southwestern corner of the East Facility is missing proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards.

f. The accessible parking space on the Property located at the southwestern corner of the East Facility has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

g. The access aisle adjacent to the above-described accessible parking space on the Property located at the southwestern corner of the East Facility also has a slope in excess of 1:48

      (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

h.     The above-described accessible parking space is not located on the shortest accessible route from said accessible parking space to the accessible entrances of the East Facility, in violation of section 208.3.1 of the 2010 ADAAG standards.

i.     The two (2) accessible parking spaces on the Property located on the east side of the West Facility are missing proper identification signs, in violation of section 502.6 of the 2010 ADAAG standards.

j.     The access aisle adjacent to southernmost of the two (2) above-described accessible parking spaces on the Property located on the east side of the West Facility has excessive vertical rises within its boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

k.     The ramp most proximate to the above-described accessible parking spaces has side flares with slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

l.     The two (2) accessible parking spaces on the Property located on the south side of the West Facility are missing proper identification signs, in violation of section 502.6 of the 2010 ADAAG standards.

m.     The two (2) accessible parking spaces on the Property located on the south side of the West Facility each have slopes in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

n.     The access aisle adjacent to the above-described two (2) accessible parking spaces on the Property located on the south side of the West Facility has excessive vertical rises within its boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

o.     The access aisle adjacent to the above-described accessible parking spaces on the Property located on the south side of the West Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

p.     The side flares of the above-described ramp on the Property

located on the south side of the West Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

31. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to locate an accessible parking space on the Property, and more difficult and dangerous for Plaintiff to utilize the accessible routes on the Property.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

33. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

40. Plaintiff's requested relief serves the public interest.

41. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42. Plaintiff's counsel is entitled to recover its reasonable attorney's fees

and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 26, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich


> Georgia Bar No. 242240
> The Law Office of Craig J. Ehrlich, LLC
> 1123 Zonolite Road, N.E., Suite 7-B
> Atlanta, Georgia 30306
> Tel: (800) 238-3857
> Fax: (855) 415-2480
> craig@ehrlichlawoffice.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich